UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLAYTE HIGH,

          Plaintiff,

    v.

KIMIKO LEWIS, et al.,

          Defendants.

Case No. 26-cv-01680-JST

**ORDER ON MOTION TO REMAND**

Re: ECF No. 19

Before the Court is Plaintiff Clayte High's Motion to Remand. ECF No. 19. The Court will grant the motion.

## I.      BACKGROUND

Plaintiff Clayte High brings several claims against her granddaughter Kimiko Lewis and Wells Fargo Bank, N.A., based on alleged unauthorized withdrawals from High's Wells Fargo checking account. ECF No. 1 at 2.

High filed her complaint in San Francisco County Superior Court on December 19, 2025. *Id*. She served Defendant Wells Fargo with the summons and complaint on January 27, 2026, and Defendant Lewis on January 29, 2026. ECF No. 19 at 4. On February 26, 2026, Wells Fargo removed the case to this district under 28 U.S.C. §§ 1441 and 1446. ECF No. 1 at 2. Plaintiff filed proofs of service of both Wells Fargo and Lewis in this Court on March 17, 2026. ECF Nos. 16, 17.

High moved to remand on March 27, 2026. ECF No. 19. Wells Fargo opposed on April 10, 2026, ECF No. 23, and High replied on April 17, 2026, ECF No. 24.

## II.     JURISDICTION

Defendant asserts jurisdiction under 28 U.S.C. § 1331.

### III.    LEGAL STANDARD

"[A]ny civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by [a] defendant . . . to the district court . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). "When a civil action is removed solely under [S]ection 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A). This rule of "unanimity" is settled law in the federal courts. *See Chicago, R. I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900); *see also Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 75 (1st Cir. 2009); *Atl. Nat. Tr. LLC v. Mt. Hawley Ins. Co.*, 621 F.3d 931, 938 (9th Cir. 2010). Under 28 U.S.C. § 1447(c), the plaintiff may move for remand within 30 days of removal where there is a defect in the removal procedure, including a violation of the rule of unanimity. *Atl. Nat. Tr. LLC*, 621 F.3d at 938.

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citation omitted). The court "resolves all ambiguity in favor of remand to state court." *Hunter v. Phillip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009).

### IV.    DISCUSSION

Plaintiff argues that the case should be remanded because Wells Fargo failed to join all proper defendants in its notice of removal in violation of 28 U.S.C. § 1446(b)(2)(A). ECF No. 19 at 2. Wells Fargo responds that it exercised due diligence in attempting to ascertain whether its co-defendant had been served at the time of removal, excusing it from the joinder requirement, and in the alternative, that it should be allowed more time to secure her joinder. ECF No. 23 at 4–5. As discussed below, Wells Fargo's efforts in this case did not amount to due diligence, and Wells Fargo has not shown that co-defendant Lewis may be untimely joined.

#### A.    DUE DILIGENCE IN JOINDER OF CO-DEFENDANTS

When a civil action is removed under Section 1441(a), "[a]ll parties must consent to

United States District Court
Northern District of California

removal except 'for nominal, unknown or fraudulently joined parties.'" 28 U.S.C. § 1446(b)(2)(A); *Beltran v. Monterey Cty.*, No. C 08-05194 JW, 2009 WL 585880, at *2 (N.D. Cal. Mar. 6, 2009) (quoting *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002)). "The exception for 'unknown' parties includes a party that has not been served at the time of removal." *Id.* (citing *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984)).

"Where fewer than all the defendants have joined in a removal action, the removing party has the burden under [S]ection 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 680 (9th Cir. 2006). A removing defendant must use due diligence to ascertain if co-defendants have been served. *Beltran*, 2009 WL 585880, at *2 (citing *Orozco v. EquiFirst Corp.*, No. C 08-8064 PA, 2008 WL 5412364, at *1 (C.D. Cal. 2008)).

Because Lewis did not join or consent to the removal, Wells Fargo must affirmatively and sufficiently explain Lewis's absence. Wells Fargo argues that it exercised due diligence in attempting to learn whether Lewis had been served by checking the state court docket. ECF No. 23 at 2.

Although courts in this circuit disagree regarding whether checking a state court docket for proof of service is sufficient to demonstrate due diligence, most recent decisions agree that merely checking the state court docket does not suffice. *See, e.g., Beltran,* 2009 WL 585880, at *2–3; *Caudle v. Conestoga Settlement Servs., LLC*, No. EDCV18985JGBKKX, 2018 WL 3435403, at *3 (C.D. Cal. July 12, 2018) (citing *Pianovski v. Laurel Motors, Inc.*, 924 F. Supp. 86, 87 (N.D. Ill. 1996)); *Lewis v. HSBC Bank USA, N.A.*, No. CV 17-00234 DKW-KSC, 2017 WL 3671279, at *3–4 (D. Haw. Aug. 25, 2017), *report and recommendation adopted*, No. CV 17-00234 DKW-KSC, 2017 WL 4019416 (D. Haw. Sept. 12, 2017); *but see Lopez v. BNSF Ry. Co.*, 614 F. Supp. 2d 1084 (E.D. Cal. 2007).

In *Caudle*, the defendant contacted only the state court clerk and was informed that no proof of service of co-defendants had been filed. 2018 WL 3435403, at *3. Had the defendant in

United States District Court
Northern District of California

3

*Caudle* contacted opposing counsel, "it would have realized [that the other defendants] were in fact served." *Id.* Similarly, Wells Fargo admits that its diligence in this case consisted of "review[ing] the state court docket." ECF 23-1 ¶ 7. It did not ask High's counsel if Lewis had been served; instead, communications pertained to an extension of time for Wells Fargo to answer the complaint, and Wells Fargo's then-forthcoming motion to dismiss. ECF 23-1 ¶¶ 7, 9–10; ECF 25-1 ¶¶ 3–4; ECF No. 23 at 3. Like in *Caudle*, Wells Fargo had contact information for High's counsel and could have asked if Lewis had been served. If Wells Fargo had done so, it would have learned that Lewis had in fact been served.

Similarly, in *Lewis*, the removing defendant only checked the state court docket prior to removal, despite knowing that the state court docket did not accurately represent the status of service of defendants because they "themselves had been served yet no proofs of service . . . upon them had been docketed [as of the date of removal]." 2017 WL 3671279, at *5. Under those circumstances, the court found that the defendant had not demonstrated due diligence. *Id.* So too here. At the time of removal, Wells Fargo checked the state court docket and found "no proof of service for Lewis or any other defendant," ECF 23-1 ¶ 7, even though Wells Fargo itself had been served almost a month prior. As in *Lewis*, Wells Fargo knew that the state court docket did not accurately reflect which defendants had been served, and yet it conducted no further inquiry. Wells Fargo's efforts, then, do not constitute due diligence.

Relying on *Lopez*, Wells Fargo maintains that its efforts were sufficient. In *Lopez*, the court found that defendant BNSF exercised due diligence by checking the court docket for a proof of service prior to filing its removal. 614 F. Supp. 2d at 1084. The court noted, however, that BNSF also contacted counsel for a co-defendant and was told that they had not been served. *Id.* at 1087. *Lopez* does not align with the more recent caselaw in this circuit and its reasoning is unpersuasive. Firstly, while *Lopez* found reliance on the state court docket sufficient, the defendant in *Lopez did* inquire beyond merely checking the state court docket—by contacting counsel for a co-defendant. *Id.* at 1087. Moreover, by making a docket search sufficient to demonstrate due diligence, *Lopez* would (1) effectively negate the 60 day statutory time allowance to file a proof of service under Cal. Civ. Proc. Code § 583.210 (West 2006), *see Ligutom v.*

*SunTrust Mortg.*, No. C10-05431 HRL, 2011 WL 445655, at *4 (N.D. Cal. Feb. 4, 2011), and (2) require plaintiffs to take affirmative steps to protect themselves from removal even though the burden is on the removing defendant to ensure that removal is proper, *see Gaus*, 980 F.2d at 566.

Because Wells Fargo did not exercise due diligence in attempting to determine whether its co-defendant had been served, removal violated the rule of unanimity and was improper.[1]

### B.      TIMELINESS OF JOINDER

Wells Fargo argues in the alternative that it should be allowed further time to secure Lewis's consent to join the removal. ECF No. 23 at 5–6. On May 13, 2026, almost a month after the remand motion was fully briefed, Wells Fargo filed a declaration by Lewis consenting to removal. ECF No. 26.

Lewis's consent was not timely. "[E]ach defendant is entitled to thirty days to exercise [their] removal rights after being served" and a defendant may join a removal filed by a co-defendant with a later-filed consent. *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011). However, Section 1446(b)(2)(A) does not set a deadline by which all defendants must consent to removal. *Dominguez v. Werner Enters., Inc.*, No. 5:25-CV-02401-SPG-E, 2025 WL 3493892, at *2 (C.D. Cal. Dec. 3, 2025); *see also Padilla v. Am. Mod. Home Ins. Co.*, 282 F. Supp. 3d 1234, 1263 (D.N.M. 2017) ("The statute requires only that all defendants consent to removal; it is silent regarding when that consent must take place.").[2] "District courts have split as to the appropriate deadline, with some courts requiring consent as of the date of removal and others setting a

---

[1] Wells Fargo suggests that High's counsel should have affirmatively disclosed that Lewis had been served. ECF No. 23 at 3–4, 5, 6. The law, however, squarely places the burden for establishing that removal was proper on the defendant. *See Gaus*, 980 F.2d at 566. While High did not disclose that Lewis had not been served, Wells Fargo likewise did not inquire whether Lewis had been served.

[2] In *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, the Ninth Circuit assumed that the statute's 30-day deadline for removal also applied to joinder. *See* 167 F.3d 1261, 1266 (9th Cir. 1999) (noting that the failure to comply with the rule of unanimity was "not cured within the thirty-day statutory period permitted for joinder"). District courts have not considered this passage from *Prize Frize* to bind their interpretation of the statute because the statute was amended in 2011 to add language codifying the rule of unanimity and requiring joinder. *See Ray v. Dzogchen Shri Singha Found. USA, Inc.*, No. 3:23-cv-233-SI, 2023 WL 3451987, at *3 (D. Or. May 12, 2023) ("The law is unsettled on [the deadline for joinder], and the Ninth Circuit has not weighed in after the 2011 amendments to § 1446.").

deadline of thirty days from the date of removal or thirty days from the date of service on the non-removing defendant." *Dominguez*, 2025 WL 3493892, at *2; *see Ray v. Dzogchen Shri Singha Found. USA, Inc.*, No. 3:23-cv-233-SI, 2023 WL 3451987, at *3 (D. Or. May 12, 2023) (collecting cases). However, Lewis's consent to removal is untimely regardless of which deadline is chosen, given that it was signed nearly four months after Lewis was served with the summons and complaint, and nearly two months after Wells Fargo filed its removal. *See Ligutom v. SunTrust Mortg.*, 2011 WL 445655, at *3 ("[I]t is not necessary for the Court to choose which rule to follow since SunTrust failed to file a timely consent under either one.").

Although Lewis's consent was untimely, Wells Fargo requests a 47-day extension of the deadline to obtain her consent. ECF No. 23 at 6. Wells Fargo cites no authority establishing the Court's power to waive or extend the consent deadline. In addition, even if Wells Fargo had framed its request as one for equitable tolling, the Supreme Court's recent decision in *Enbridge Energy, LP v. Nessel*, 146 S.Ct. 1074 (2026) makes clear that the timing requirements of Section 1446 are not subject to equitable tolling. This is because a statute, like Section 1446, which contains an "explicit listing of exceptions . . . strongly indicates that Congress did not intend courts to read other unmentioned, open-ended, 'equitable' exceptions into the statute." *Id*. at 1081 (citing *U.S. v. Brockamp*, 519 U.S. 347, 352 (1997)) (internal quotation marks omitted).

Wells Fargo finally argues that a "procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court." ECF No. 23 at 5–6 (quoting *Destfino*, 630 F.3d at 956–57). The reliance on *Destfino* is misplaced. In *Destfino*, the non-joined defendants were improperly served, so "their absence from the removal notice did not render the removal defective" and the Court's statement allowing nonunanimity to be cured any time before the judgment was dicta. 630 F.3d at 957; *see also Ray*, 2023 WL 3451987, at *5 ("The Ninth Circuit's iteration in *Destifino* [sic] of the *Parrino* standard as quoted in *Soliman* as applying to district courts, therefore, is dicta.").

In addition, *Destfino* contemplated remanding a case to state court that was on appeal after final judgment had already been entered, resulting in "an exorbitant cost on our dual court system . . . ." *Destfino*, 630 F.3d at 955. To justify waiving joinder in this context, *Destfino* relied

6

United States District Court
Northern District of California

on *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 970 (9th Cir. 2002).  The Ninth Circuit in *Soliman* endorsed the district court's decision to allow a defendant to untimely cure a defect in a removal notice prior to entry of judgment, relying this time on *Parrino v. FHP, Inc.,* 146 F.3d 699, 703 (9th Cir. 1998).  *Soliman,* 311 F.3d at 970.  *Parrino* did state that, under *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 117 (2005), a "procedural defect existing at removal but cured prior to entry of judgment does not warrant reversal and remand. . . ."  *Parrino*, 146 F.3d at 703.  However, *Parrino* explicitly noted that this power to waive procedural defects lies solely with the Courts of Appeals.  *Id.* n.1; *see Hollingsworth v. Terra Kai Organics, Inc.*, No. 3:26-CV-00276-AB, 2026 WL 1383110, at *3 (D. Or. May 18, 2026) (describing *Destfino*'s reliance on *Soliman* and *Parrino*).

Finally, *Destfino* predated amendments to Section 1446 codifying the rule of unanimity. *Id*. at *4.  As a sister court held in *Hollingsworth*, because the amended statute "does not contain any statutory method for curing deficiencies, it is doubtful that the Court may imply one, notwithstanding the language in *Destfino*."  *Id*. at *4 (quoting *Dominguez*, 2025 WL 3493892, at *3).

For these reasons, multiple district courts have declined to follow the dicta in *Destfino* that would allow a violation of the unanimity rule to be cured by joinder any time before judgment is entered.  *See Lewis,* 2017 WL 3671279, at *9–10 (finding that "belated joinder" did not preclude remand in similar circumstances, where defendant relied on *Destfino*); *Ray,* 2023 WL 3451987, at *4–5 (finding that *Destfino* does not give district courts "carte blanche" to waive defects in removal and granting remand in similar circumstances); *Bender v. Sunbeam Products, Inc.* No. 25-cv-01571-SPG-BFM, 2025 WL 2555790, at *4 (C.D. Cal. Sept. 4, 2025) (distinguishing *Destfino* and granting remand in similar circumstances).

Given "the 'strong presumption' against removal," *Gaus*, 980 F.2d at 566, and that "all ambiguity [is resolved] in favor of remand to state court," *Hunter*,582 F.3d at 1042, Wells Fargo has not demonstrated that allowing Lewis's untimely joinder is appropriate in this case.

/ / /

/ / /

7

United States District Court
Northern District of California

**CONCLUSION**

The Court grants Plaintiff's motion to remand.  This action is hereby remanded to the San Francisco County Superior Court.  Defendant's motion to dismiss is denied as moot.

**IT IS SO ORDERED.**

Dated:  July 14, 2026



_____
JON S. TIGAR
United States District Judge